JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, <br> Plaintiff, <br> v. <br> **Farhad Yaghoubi;** <br> **Elham Yaghoubi;** and Does 1-10, <br> Defendants. | **Case:** 2:19-cv-07013-SVW-JEM <br><br> **Judgment Following Bench Trial** <br><br> Hon. Judge Stephen V. Wilson |

## I. INTRODUCTION

Plaintiff Brian Whitaker, who is quadriplegic, brought this action because Defendants failed to provide an accessible sales counter and accessible paths of travel at Marco Ferno ("Store") at or about 746 S. Los Angeles Street, Los Angeles, California on the date of Plaintiff's visit on August 3, 2019. Plaintiff sought a ruling that his rights were violated under the Americans with Disabilities Act and Unruh Civil Rights Act, a single statutory penalty of $4,000, and an order requiring Defendants to make the sales counter and paths of travel at the Store accessible.

Defendants failed to appear at the bench trial on January 23, 2020. Upon review of the evidence submitted by the Plaintiff, the Court grants JUDGMENT in favor of Plaintiff Brian Whitaker and against Defendants Farhad Yaghoubi and Elham Yaghoubi as to both claims: A $4,000 statutory penalty under the Unruh Civil Rights Act, and declaratory relief under the ADA, enjoining defendants to make the sales counter and paths of travel at the Store accessible per the Americans with Disabilities Act of 1990.

## II. THE LACK OF ACCESSIBLE FACILITIES

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation.

Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) citing, Chapman, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers… in existing facilities… where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id*.;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id*.;
4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);
5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As discussed below, Mr. Whitaker's civil rights were violated because the Defendants failed to provide accessible facilities at the Store.

### A. Plaintiff is Disabled

Mr. Whitaker is a man with severe mobility impairments who has limited ability to walk and uses a wheelchair for mobility. Thus, there can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability). Given Mr. Whitaker's limited ability to walk, this is not a genuine issue.

### B. Defendants Own and Operate a Place of Public Accommodation

The Store is an establishment selling men's clothing. Clothing stores and other sales establishments are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(E). Defendants owned the Marco Ferno store and the property it is located on during Mr. Whitaker's visit and do so currently. Defendants, therefore, have an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

### C. The Store Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991).

Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." Rush v. Denco Enterprises, Inc., 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." Id.

### 1. Lack of accessible sales counter

In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1); 2010 Standards § 904.4 & 904.4.1.

Here, the sales counter inside the Store measured over 42 inches high.

### 2. Lack of accessible path of travel

"At least one accessible route shall connect accessible… facilities, elements, and spaces that are on the same site… The minimum clear width of an accessible route shall be 36 in… except at doors…" 1991 Standards §§ 4.3.2(2), 4.3.3; 2010 Standards §§ 206.2.2, 403.5.1.

Here, plaintiff's investigator found that approximately 80% of Defendants' merchandise aisles failed to meet the required width.

## D. The Barriers Are and Were Readily Achievable to Remove

If a defendant "has failed to plead that barrier removal is not readily achievable in its answer… the defense is waived." Wilson v. Haria and Gogri Corp. 479 F.Supp.2d 1127, 1133, fn. 7 (E.D.Cal. 2007) see also Shedlin v. Balagot, 2016 WL 1128478 at *6 (C.D. Cal. 2016) ("The Court first notes that 'courts are generally in agreement that whether barrier removal is 'readily achievable' is an affirmative defense' and may accordingly be waived…"); Moore v. Chase, Inc., 2016 WL 866121 (E.D. Cal. 2016); Johnson v. Express Auto Clinic, Inc., 2019 WL 2996431 at FN3 (N.D. Cal. 2019); Arroyo v. Aldabashi, 2018 WL 4961637 at FN5 (N.D. Cal. 2018); Dugo v. Jeronimo, LLC, 2018 WL 5877275 at *4 (C.D. Cal. 2018). In *Wilson*, the court ruled that the defendant had waived the defense that barrier removal was not readily achievable because they did not plead it as an affirmative defense. Moreover, the Wilson court stated that, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal" where the defendant has not pled the affirmative defense. Wilson v. Haria and Gogri Corp., *supra*, 479 F.Supp.2d at 1133 fn. 7.

"Defendants bear the initial burden of production as well as the ultimate burden of persuasion in establishing that remediation is not readily achievable." Rodriguez v. Barrita, Inc., 10 F.Supp.3d 1062, 1082 (N.D.Cal. 2014).

This interpretation is also supported by the plain language of the ADA. One of the specific examples of discrimination under the ADA is "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, the failure to make… alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v). Thus, the ADA itself places the onus on Defendants to establish that barrier removal is not readily achievable.

Defendants did not raise a "readily achievable" defense in their Answers. Accordingly, they have waived such a defense.

Moreover, the barriers Mr. Whitaker alleges are easily removed. Providing an accessible route through the Store is presumed achievable under the Code of Federal Regulations, among 21 examples of readily achievable actions. See 28 C.F.R. 36.304(b) [citing examples of readily achievable barrier removal to include "Repositioning shelves" and "Rearranging tables, chairs, vending machines, display racks, and other furniture". Further, Plaintiff produced expert testimony that providing merchandise aisles of the proper width can be done without the need for any construction, and that providing a lowered portion to Defendants' sales counter can be done for less than $2,000.

In sum, the Defendants failed to remove barriers that were readily removed and, therefore, violated the Plaintiff's rights under the ADA.

### III. THE LACK OF COMPLIANT FACILITIES IS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f). "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." Cullen v. Netflix, Inc., 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." Molski, 481 F.3d at 731. As discussed *supra*, the defendants violated the ADA. Thus, there has been a per-se violation of Unruh.

Thus is it ordered, judged and decreed that Defendants Farhad Yaghoubi and Elham Yaghoubi shall pay a statutory award of $4,000 per the Unruh Civil Rights Act to Plaintiff, for his personal encounter with barriers to access at their property. Additionally, Defendants are ordered to provide an accessible sales counter and accessible paths of travel at Marco Ferno located at or about 746 S. Los Angeles Street, Los Angeles, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

Dated: February 26, 2020    By: _____
                                Hon.   Stephen V. Wilson
                                United States District Judge